<span style="color:red">SUBJECT TO IMPOUND<u>MENT</u></span>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**ANTHONY BOYD,**

      **Plaintiff,**

**v.**

**JOHN Q. HAMM, Commissioner,**
**Alabama Department of Corrections, in his official**
**capacity,**

**TERRY RAYBON, Warden,**
**Holman Correctional Facility, in his official capacity,**

**ALABAMA DEPARTMENT OF CORRECTIONS, an**
**Administrative Department of the State of Alabama, and**

**STEVEN MARSHALL, Attorney General,**
**State of Alabama, in his official capacity,**

      **Defendants.**

**Case No. 2:25-cv-00529-ECM-JTA**

**CAPITAL CASE**

## ANTHONY BOYD'S MEMORANDUM IN SUPPORT OF HIS MOTION TO EXCLUDE
## EVIDENCE INCONSISTENT WITH OR IN ADDITION TO
## <u>DEFENDANTS' FED. R. CIV. P. 30(b)(6) TESTIMONY</u>

## INTRODUCTION

On July 16, 2025, plaintiff Anthony Boyd filed the present action, under 28 U.S.C. § 1983, alleging that Alabama's nitrogen hypoxia protocol (the "Protocol") violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's due process protections. On July 18, 2025, Mr. Boyd filed his Motion for Preliminary Injunction seeking to enjoin the Defendants from executing him using the Protocol during the pendency of this litigation. (ECF# 11). The Court has scheduled a preliminary injunction hearing for September 4, 2025.

As part of the parties' agreed-to discovery (ECF# 23) Mr. Boyd took the Fed. R. Civ. P. 30(b)(6) deposition of the Alabama Department of Corrections ("ADOC"), which employs both individual defendants, who Mr. Boyd has sued in their official capacities. [1] During the deposition, ADOC's strategy in this litigation was exposed: (Redacted

███████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

---

[1] "'Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Phillips v. Johnson*, No. 5:24-CV-284-TKW-MJF, 2025 WL 1372431, at *1 (N.D. Fla. Apr. 14, 2025), report and recommendation adopted, No. 5:24CV284-TKW-MJF, 2025 WL 1372850 (N.D. Fla. May 12, 2025). Accordingly, "in a section 1983 action 'a claim against a defendant in his official capacity is the same as a claim against his employer.'" *Id.* (quoting *Christman v. Saint Lucie Cnty., Fla.*, 509 F. App'x 878, 879 (11th Cir. 2013)). "ADOC officials, including [the] ADOC Commissioner, have conceded claims against them seeking prospective injunctive relief" are proper. Barnes v. Dunn, No. 419CV00558ACASGC, 2022 WL 10264034, at *9 n.17 (N.D. Ala. Aug. 17, 2022), report and recommendation adopted, No. 4:19CV00558-ACA-SGC, 2022 WL 4365709 (N.D. Ala. Sept. 21, 2022); *Dunn v. Dunn*, 219 F. Supp. 3d 1100, 1161-62 (M.D. Ala. 2016) (finding action by prisoners for prospective injunctive relief related to constitutionally-inadequate mental health treatment in ADOC facilities against ADOC Commissioner in his official capacity was proper).

Redacted

Such tactics would never be allowed in the course of ordinary civil litigation and doubly cannot be tolerated where the stakes are literally life and death. For the reasons stated below, Mr. Boyd requests that the Court grant this Motion and preclude the defendants from submitting evidence or testimony that contradicts, alters, supplements, or amends the ADOC's Rule 30(b)(6) testimony.

## BACKGROUND

Mr. Boyd noticed the Fed. R. Civ. P. 30(b)(6) deposition of the ADOC on August 6, 2025 and included six Topics for inquiry and incorporating definitions used in previous discovery requests. The Topics included "[t]he composition of, selection of, role of each member, and observations made by the Execution Team concerning any of the Other Executions" (Topic 4) and "[t]he facts, circumstances, and events of, and any observations made by any witness affiliated with any Defendant concerning, the Other Executions." (Topic 5). (Declaration of Counsel in Support of Motion, Exhibit 3 ("Counsel Decl.''). The "Other Executions" were defined as "collectively the executions of (i) Kenneth Eugene Smith, as referenced in Paragraphs 48-67 of the Complaint; (ii) Alan Eugene Miller, as referenced in Paragraphs 68-77 of the Complaint; (iii) Carey Dale Grayson, as referenced in Paragraphs 78-86 of the Complaint; (iv) Demetrius Frazier, as referenced in paragraphs 87-94 of the Complaint; (v) Jessie Hoffman as referenced in Paragraphs 95-100 of the Complaint; (vi) Gregory Hunt, as referenced in Paragraphs 101-108 of the Complaint (vii) and any additional or other future executions that may take place prior to the Hearing, namely, but not limited to, David Roberts and Geoffrey West." (Pl.' First Set of Ints. To Defs., Counsel Decl. Ex. 1).

Counsel for ADOC replied to the deposition notice by raising, via email, three limited objections to the topics. (Counsel Decl. Ex. 2). ADOC did not move for a protective order or seek relief from the Court prior to the deposition.

The deposition took place on August 25, 2025 with ADOC's designee, Cynthia Stewart-Riley.  The witness was asked (1) if she understood she was testifying on behalf of ADOC; (2) if she was designated to testify on behalf of the ADOC on each of the six topics; and (3) if she consented to do so, all of which she answered in the affirmative. (Counsel Decl. Ex. 2, 16:4-16).

## ARGUMENT

I.    Redacted

A.    **An Entity Is Bound By Its Answers At A Rule 30(b)(6) Deposition**

"In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination . . . .  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).    An organization has an affirmative duty to prepare its designees, "so that they may give complete, knowledgeable and *binding* answers on behalf of the corporation." *Strategic Decisions, LLC vs. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, N.D. Ga., No. 1:13-CV-2510-WSD (May 5, 2015) (internal citations omitted) (emphasis added).

It is axiomatic that "[w]hen a party has given clear answers to unambiguous questions [in a deposition] which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation,

- 3 -

previously given clear testimony." *Van T. Junkins & Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).  "Simply put, [an entity] is bound on summary judgment by the testimony of its Rule 30(b)(6) witness, even if other [] witnesses provided testimony more to its liking." *W.G. Yates & Sons Const. Co. vs. Zurich Am. Ins. Co*., S.D. Ala., No. CIV.A. 06-0803-WS-B, 2008 WL 161921 (Jan. 8, 2008).

**B.    The ADOC Is Bound By Its Deposition Responses**

Redacted

- 4 -

Redacted

Redacted

Redacted

Redacted

*Bucklew v. Precythe*, 587 U.S. 119, 134 (2019), Redacted

*See e.g., Miami Gardens* v. *Wells Fargo & Co.*, 931 F.3d 1274, 1281(11th Cir. 2019) ("The district court accepted Wells Fargo's argument that the City was 'bound by the testimony of its Rule 30(b)(6) representative.' Because that representative 'conceded during his deposition that the City could not identify any 'predatory' or 'discriminatory' loans in the limitations period' and 'was unaware of any information providing a basis for the City's allegation that borrowers were or may have been eligible for 'more favorable and less expensive loans,' the district court concluded that the City was not permitted to supplement that testimony with additional evidence of discrimination under Rule 30(b)(6).").

II.  Redacted

A.  Redacted

Redacted

**B.** ████████ Redacted ████████████████████████

███████████████████████████████████████████

████████████████████████████

An entity's duty to prepare a Rule 30(b)(6) witness extends, " 'beyond matters personally known to [the] designee,' to all information reasonably available to the corporation, 'whether from documents, past employees, or other sources.' If the designee is not able to answer questions regarding the subject matter he was designated to testify about, the corporation has failed to satisfy its obligation to prepare the designee and may be subject to sanctions." *Fuentes* v. *Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1321–22 (11th Cir. 2022). A party "cannot take a laissez faire approach to the inquiry. That is, producing a designee and seeing what he has to say or what he can cover. A party does not meet its obligations under ... Rule 30(b)(6) by figuratively 'throwing up its hands in a gesture of helplessness'...If the originally designated spokesman for the corporation lacks knowledge in the identified areas of inquiry, that does not become the inquiring party's problem, but demonstrates the responding party's failure of duty…" *Cont. Cas. Co. vs. Compass Bank*, No. CA04-0766-KD-C, 2006 WL 533510 at * 18-19 (S.D. Ala. Mar. 3, 2006) (internal citations omitted).

The duty is critical because "[t]he Rule 30(b)(6) designee does not give [her] personal opinions. Rather, [s]he presents the corporation's 'position' on the topic.... Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions.... The corporation must provide its interpretation of documents and events." *Id.*  Specifically, an entity "must provide its interpretation of documents and events" whether or not the documents were generated or prepared by the corporate representation." *Shamrock Commc'ns, LLC vs. Charter Commc'ns, Inc.*, No. CV 06-PWG-0963-NE, 2008 WL 11381463 at *3, (N.D. Ala. Apr. 15, 2008) citing *Twentieth Century Fox Film Corporation v. Marvel Enterprises, Inc.*, 2002 W.L. 1835439 (S.D. NY 2002).

Redacted

Redacted

Redacted

Redacted

"When the 30(b)(6) representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject." *Strategic Decisions, LLC vs. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc*., No. 1:13-CV-2510-WSD, 2015 WL 2091714 at *7 (N.D. Ga. May 5, 2015) citing *Function Media, LLC. v. Google, Inc.,* No. 2:07–CV–279–CE, 2010 WL 276093, *1 (E.D.Tex. Jan.15, 2010). Redacted

Redacted

Courts have made clear that such conduct, whether intentional discovery obfuscation or due to a "laissez faire approach to the inquiry", *Cont. Cas. Co. vs. Compass Bank*, S.D. Ala., No. CA04-0766-KD-C (Mar. 3, 2006) cannot be tolerated.  When a party  has failed to satisfy its Rule 30(b)(6) duties, a court can remedy the situation "by limiting the evidence [the non-compliant entity]  could present, either by forbidding it from calling witnesses who would offer testimony inconsistent with that given by the one it designated, or by forbidding it from presenting evidence on topics listed in the Rule 30(b)(6) notice on which it did not provide proper discovery. Such a sanction would be consistent with Rule 37(c)(1), which more generally authorizes a court to forbid a party from submitting evidence it failed to provide as required through discovery." 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.)

 The parallels to the *Strategic Decisions, LLC* case and this case are striking. There, the Court reviewed the 30(b)(6) topic list and found them to be "specific, simply stated and straight-forward" and further found that the designee there "was completely unprepared to testify about the Rule 30(b)(6) Topics. She did not review documents or interview witnesses in advance of her deposition to prepare to be deposed except for certain documents sent to her by Defendant's counsel. She did not speak to [defendant's principal] or anyone else in Defendant's previous management to determine whether Plaintiff provided the services under the Agreement…[s]he did not speak with anyone regarding the terms of the Agreement prior to her deposition." *Id. at *8.

 The Court ultimately ordered that the "Plaintiff's Motion in Limine and/or for Sanctions is granted. Defendant is precluded from introducing evidence at trial on topics 2, 6, 7, 8, 9, and 10 of the Rule 30(b)(6) Re–Notice of Deposition that contradicts, alters, supplements, amends or

explains [designee's] testimony on the Rule 30(b)(6) Topics." *Id* at. *9. Other courts have reached similar conclusions. *See e.g., Wilson v. Lakner,* 228 F.R.D. 524, 529–30 (D. Md. 2005) (stating that "depending on the nature and extent of the obfuscation, the testimony given by the non-responsive deponent (e.g. 'I don't know') may be deemed 'binding on the corporation' so as to prohibit it from offering contrary evidence at trial") (citations omitted); *Rainey v. Am. Forest & Paper Ass'n, Inc.,* 26 F.Supp.2d 82, 94 (D.D.C.1998) (finding that "[u]nless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition.").

The relief that plaintiff seeks is not different in kind from the type ordered in other circumstances where a party fails to provide discovery and then later seeks to introduce, and this standard applies with equal force when the party is the government. *U.S. v. Alabama Power Co*., 274 F.R.D. 686 (N.D. Ala. 2011) (noting that "Government's failure to disclose its expert witness's new opinion meant that it would not be permitted to use the new opinion where other side asserted it was unable to depose the government's witness regarding the new opinion and therefore faced unfair surprise."); *Consumer Fin. Prot. Bur.* v. *Brown*, 69 F.4th 1321, 1324 (11th Cir. 2023) (Rule 30(b)(6) applies with equal force to government agencies).

**III.** ███████ Redacted ████████████████████████████
███████████████████████████████████████████████████
███████████ )

**A.** ███████ Redacted ████████████████████████████████
███████████

███████ Redacted ████████████████████████████████

██████████████████████████ Ms. Chandler had written that:

Smith began to shake and writhe violently, in thrashing spasms and seizure-like movements, at about 7:58 p.m. The force of his movements caused the gurney to visibly move at least once. Smith's arms pulled against the straps holding him to the gurney. He lifted his head off the gurney and then fell back. The shaking went

on for at least two minutes. Hood repeatedly made the sign of the cross towards Smith's wife, who was watching, cried out. Smith began to take a series of deep gasping breaths, his chest rising noticeably. His breathing was no longer visible at about 8:08 p.m. The corrections officer who had checked the mask before walked over to Smith and looked at him.

Redacted

For example, with regard to Miller's execution, the statutory witness noted: "Alan Eugene Miller, 59, was pronounced dead at 6:38 p.m. local time at a South Alabama prison. He shook and trembled on the gurney for about two minutes, with his body at times pulling against the restraints. That was followed by about six minutes of periodic gulping breaths before he became still." Redacted

Redacted

Redacted

████████████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████ statutory witness account of the

Grayson execution, which was that:

> Like two others previously executed by nitrogen, Grayson shook at times before taking a periodic period (sic) of gasping breaths."… It was unclear when the gas began flowing. Grayson rocked his head, shook and pulled against the gurney restraints. He clenched his fist and appeared to struggle to try to gesture again. His sheet-wrapped legs lifted off the gurney into the air at 6:15 p.m. --6:14 p.m. He took a periodic series of more than a dozen gasping breaths for several minutes. He appeared to stop breathing at 6:21 p.m., and then the curtains to the viewing room were closed at 6:27 p.m.

Redacted

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ statutory witness account of

Frazier's execution:

> Frazier moved his outstretched palms in a swirling circular movement for the first minute or two. At 6:12 p.m., he stopped circling his hands. He appeared to grimace, quiver on the gurney and take a gasping breath. A minute later, he raised both legs several inches off the gurney and then lowered them. His breathing slowed at 6:14 p.m. to a series of sporadic breaths. He had no visible movement by about 6:21. The curtains to the execution chamber closed at 6:29 p.m.

Redacted

statutory witness account of Hunt's execution:

> At 5:57 p.m. Hunt briefly shook, gasped and raised his head off the gurney. He let out a moan at about 5:59 p.m. and raised his feet. He took a series of four or more gasping breaths with long pauses in between, and made no visible movements after 6:05 p.m. (Counsel Decl. Ex. 2, 207:19-208:1; Ex.12, "Alabama Executes A Man By Nitrogen Gas" – Kim Chandler).

Redacted

Redacted

**B.**   Redacted

Redacted

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████[2]████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████
██████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████
████████████████████████████████████████████████████████████
██████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████

Redacted

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[2] Redacted
████████████████████████████████████████████████████████████████
████████████████████████████████

Redacted

████████ Redacted ████████████████████████████████████████████████

████████ Alabama Department of Corrections Administrative Regulation No. 303.  That

Regulation requires a prison to document all visitors to prisons:

>    1. Each visitor shall be identified by his/her state or government issued photo identification. *The Visitation Officer/Designee will require all visitors to sign in and out on ADOC Form 303-C*, Visitor Unclothed Search Authorization, and will log the date and time of the visit. The register shall be dated and signed by the Visitation Officer/Designee. (emphasis added) (available at https://doc.alabama.gov/docs/AdminRegs/AR303.pdf, last accessed, August 28, 2025) (Attached hereto as Tab A).

████████ Redacted ████████████████████████████████████████████████

████████████████████████████████ ███████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████

██  ████████████████████████████████████████████████████████████
█████████████████████

        ██████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

---

[3] ████████ Redacted ████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

- 18 -

Redacted

Redacted

Redacted

1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice.

2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably available" to the corporation. Rule 30(b)(6) delineates this affirmative duty.

3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P. 26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).

4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.

*In sum, this Court concludes that Rule 30(b)(6) cannot be used to limit what is asked of a designated witness at a deposition.* Rather, the Rule simply defines a corporation's obligations regarding whom they are obligated to produce for such a deposition and what that witness is obligated to be able to answer.

*King* v. *Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *S.C. sub nom. King* v. *Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000) *accord Mitnor Corp.* v. *Club Condominiums*, 339 F.R.D. 312, 321 (N.D. Fla. 2021) ("When the deponent is a designated corporate representative pursuant to Rule 30(b)(6), and the examining attorney poses questions that are outside the scope of the 30(b)(6) designation, *counsel cannot instruct the witness not to answer the questions solely because they exceed the scope of the designation*.") (emphasis added).

## <u>CONCLUSION</u>

For the reasons stated above, plaintiff Anthony Boyd requests that the Court grant this Motion and preclude the defendants from submitting evidence or testimony that contradicts, alters, supplements, or amends the ADOC's Rule 30(b)(6) testimony.

ANTHONY BOYD,

By his attorneys,

/s/ Matthew C. Moschella
Matthew C. Moschella
(Admitted *Pro Hac Vice*)
John C. La Liberte
(Admitted *Pro Hac Vice*)
David A. Michel
(Admitted *Pro Hac Vice*)
SHERIN AND LODGEN LLP
One Lincoln Street, 14th Floor
Boston, Massachusetts 02111
mcmoschella@sherin.com
jclaliberte@sherin.com
damichel@sherin.com
Dated:  August 29, 2025                 (617) 646-2000

## CERTIFICATE OF SERVICE

I certify that, on the date specified below, I served a true copy of this document by

electronic mail upon counsel for each party.

Dated: August 29, 2025                 /s/ Matthew C. Moschella
                                        Matthew C. Moschella

# TAB A

4926-9529-0467.v6




# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883

**KAY IVEY**
GOVERNOR

**JOHN Q. HAMM**
COMMISSIONER

October 8, 2024

| | |
|---|---|
| **ADMINISTRATIVE REGULATION** | **OPR:  MEN'S & WOMEN'S** |
| **NUMBER        303** | **SERVICES** |

## VISITATION

## I.    GENERAL

This Alabama Department of Correction (ADOC) Administrative Regulation (AR) establishes the responsibilities, polices, and procedures for facility visitation.

## II.    POLICY

It is the policy of the ADOC to afford visitors access to a facility in accordance with this regulation.

## III.    DEFINITIONS AND ACRONYMS

A.    **Attorney**: A person trained in the law, admitted to practice before the bar of the given jurisdiction, and authorized to advise and represent other persons in legal proceedings.

B.    **Barred Visitor**: A person that is permanently restricted from entering the facility.

C.    **Child**: A person under the age of nineteen (19) years of age.

D.    **Contraband**: Any item not authorized by law, ADOC Administrative Regulations, facility policy, or approved by the Warden\Designee or Division Director.

E.    **Denial**: The refusal for a person to enter the facility.

F.    **Identification Card**: Documentation used to establish the identity of an individual, such as, government issued photograph identification, i.e., a valid state issued driver's license, a state issued non-drivers identification card, military (member or dependent) issued identification card, and immigration/naturalization identification card.

G. **Immediate Family**: For the purpose of this regulation, this includes mother, father, stepparents, foster parents, spouse, children, stepchildren, grandchildren, brother, sister, grandmother, grandfather, half-siblings, son-in-law, daughter-in-law, mother-in-law, and father-in-law as documented in the inmate database.

H. **Legal Assistant**: A legal agent of the attorney as attested to by written authorization on the attorney's letterhead signed by the attorney (i.e., paralegals, law clerks, investigators, psychologists, psychiatrists, mitigation specialists, and/or social workers).

I. **Legal Guardian**: One who is entitled to the custody of the person or property (or both) of an underage person, mental incompetent person, or other persons legally incapable of managing his or her own affairs.

J. **Minor Child**: Visitor, under nineteen (19) years of age, who is the immediate family member of an inmate to include biological children and grandchildren. Adopted children and stepchildren qualify if the relationship existed prior to incarceration and can be verified.

K. **Official Visitor**: An individual from a governmental agency (e.g., Governor, Legislator, Judge, Law Enforcement Official) or ADOC Central Office and/or Division employees conducting business at the facility.

L. **Special Inmate Visit**: A visit approved by the Warden, or his/her designee, with an immediate family member during a time other than an inmate's scheduled visitation period.

M. **Suspension**: The removal of a person's visitation privilege for a designated period of time.

N. **Termination**: The immediate removal of a person from the facility.

O. **Vendor**: A company or business that provides services to the facility.

P. **Visitor**: A person who has been granted permission to enter the facility.

   1. Active (approved) visitor:  One of eight (8) persons approved on an inmate's application form to visit.

   2. Inactive (ineligible) visitor:  A person who is eligible to be placed on an inmate's visitation list but not on his/her current active visitation list.

Q. **Visitation Module**: An arranged collection of information pertaining to visitors to the facility that is stored digitally for subsequent retrieval and reporting.

    R.    **Visitation Officer**: Correctional personnel designated to oversee the facility visitation process.

## IV.    **RESPONSIBILITIES**

A.    The Associate/Deputy Commissioner of Men's and Women's Services shall be responsible for the visitation policy barring visitors.

B.    The Warden/Division Director/Designee is responsible for:

    1.    The development of their facility/divisional Standard Operating Procedures (SOPs), as necessary, for the implementation of this AR.

    2.    Approving and ensuring that the Visitor's, Official Visitor's, Attorney's, or Legal Assistant's information is entered into the Visitation Module.

    3.    Ensuring that the Visitor's or Official Visitor's information is entered into the inmate database.

C.    The Visitation Officer is responsible for entering visitor data regarding the immediate family members into the inmate database and Visitation Module.

D.    All ADOC employees shall be responsible for complying with the guidelines set forth in this regulation.

E.    Inmates shall be responsible for notification to their prospective visitor(s) and compliance with the requirements of this regulation.

## V.    **PROCEDURES**

A.    Guidelines:

    1.    Rules pertaining to visitation hours, dress, and procedures shall be posted in clear view and will be available upon request for approved visitors. See Annex A, *Orientation Guidelines for Visitors and Inmates.*

    2.    Visitation rules, policies, forms, and changes will be posted in the law library and noted in the facility orientation packet.  In addition, the visitation policies may be posted on bulletin boards, facility newsletters, and PED tablets (personal electronic devices).

    3.    All visitors shall initially be identified against a photo-identification card issued by a federal, state, county, or city governmental agency. The following information shall be collected:  full name, physical address (no Post Office Boxes will be accepted), city, state, date of birth (DOB), state driver's license number, and phone number(s).

4.   Visiting days and hours shall be scheduled by the Warden based upon the number of visitors, size of the visiting area, and the facility security considerations.

B.   Visitation Application:

1.   Upon initial intake into the ADOC, an inmate may list all immediate family members on ADOC Form 303-F, *Inmate Immediate Family Members,* and return the form to the Visitation Officer within thirty (30) days of receipt.

2.   An inmate may complete ADOC Form 303-A, *Inmate Visitation Form,* for visitors to be considered being placed on an inmate's active visitation list. An inmate shall have up to a sixty (60) day waiting period for visitation privileges, unless approved by the Warden, or his/her designee.

3.   An inmate may update ADOC Form 303-A, *Inmate Visitation Form,* to the Warden, or his/her designee, every six (6) months. Notification of visitors approved or disapproved is the responsibility of an inmate.

4.   An inmate's approved visitation list shall have no more than eight (8) adult visitors active at any one time, all others will be placed on an inmate's inactive list.  Minor children should be identified on ADOC Form 303-A, *Inmate Visitation Form*.

5.   In the case of an unusual circumstance, the Warden/Designee, at his/her discretion, may approve or deny a visitor on the Inmate's ADOC Form 303-A, *Inmate Visitation Form*.

6.   An adult visitor must be at least nineteen (19) years of age to be included on ADOC Form 303-A, *Inmate Visitation Form,* unless he/she is legally married to the inmate and has proof of such marriage.

7.   ADOC Form 303-B, *Request for Minor Children to Visit,* shall be completed by the non-incarcerated parent or legal guardian.  The ADOC Form 303-B, *Request for Minor Children to Visit,* shall be notarized and submitted to the Visitation Officer prior to the scheduled visit.  A birth certificate or legal document establishing an inmate's paternity or maternity must be provided for a minor child to be approved to visit an inmate.  Typically, only four (4) minor children are authorized to visit an inmate at any one time; however, the Warden/Designee, at his/her discretion, may authorize visitation by additional minor children.

8.   An individual who is a victim of an inmate will not be approved to visit.

9.  An inmate assigned to the Community Corrections Program (CCP) or Supervised Re-Entry Program (SRP) shall be prohibited from visiting an incarcerated inmate.

10. Ex-felons, parolees, and probationers may be considered after two (2) years from the date of release.

    a.  The ex-felon must be an immediate family member of the inmate to be permitted to visit.

    b.  Parolees and probationers must have written approval from their Parole/Probation Officer to visit the inmate.

11. A visitor may not be approved on more than one (1) inmate's visiting application unless an inmate is an immediate family member of the visitor, and the relationship can be substantiated.

12. Falsification of any visitation application information shall result in denial and/or being barred from the facility.

13. A visitor may be denied due to being directly involved in an inmate's criminal behavior.

14. Current, former, or contract employees of the ADOC will not be allowed to visit an inmate unless they are immediate family members and have prior approval from the Warden/Designee.

15. Visitors must submit an initial written request to wear religious headwear to the Warden/Designee a minimum of thirty (30) days prior to the scheduled visit.

    a.  The Warden/Designee shall verify through the Pastoral Program Supervisor the legitimacy of the religious headwear.

    b.  Upon approval, the Warden/Designee shall notify the visitor in writing that he/she will be allowed to wear the religious headwear into the visitation area.  This religious headwear shall be searched.

    c.  Upon disapproval, the Warden/Designee shall notify the visitor in writing.

    d.  The Warden/Designee shall provide a copy of the letter (approval or denial) to the Visitation Officer and a copy will be placed in the inmate's file.  A notation will also be made in the Visitation Module.

C.   Visits:

   1.   Scheduled Visits:

      a.   All visits must be pre-scheduled and approved.

      b.   A parent or legal guardian who has custody of an inmate's minor children may authorize an immediate family member, who is on the active visitor list of an inmate, to accompany or supervise an inmate's children by submitting a notarized ADOC Form 303-B, *Request for Minor Children to Visit.* The notarized form should be submitted to the facility Warden/Designee prior to the scheduled visit.

      c.   A separate notarized ADOC Form 303-B, *Request for Minor Children to Visit,* is required for each immediate family member who is approved to accompany or supervise an inmate's minor children.

      d.   After the Warden/Designee reviews an inmate's proposed ADOC Form 303-A, *Inmate Visitation Form,* the names of those persons who are approved will be entered into the Visitation Module and a copy of the approved or disapproved list will be given to the inmate.

      e.   Four (4) adults and four (4) minor children are authorized to visit an inmate at any one time.  Visitors who bring minor children to visit will be expected to properly supervise the children, so they do not cause disruption to the facility, staff, or other visitors.  Violations may result in the visitors being terminated from visitation.

   2.   Legal/Attorney Visits:

      a.   An attorney shall submit a written request to the Warden/Designee to schedule a legal visit.  The request requires a minimum of twenty-four (24) hours' notice to be considered for approval.  The written request should include the following:

         (1)   The name and AIS number of the inmate(s) and specific legal reason(s) for the visit.

         (2)   The date and time requested.

         (3)   The attorney/legal assistant(s) valid driver's license number and state of issue and other identification information, to include the bar identification number and professional organization license number.

         (4)   Any other pertinent information.

AR 303 – October 8, 2024

b.   An attorney(s), or agents of the attorney, including paralegal, investigators, psychologists, psychiatrists, mitigation specialist, and/or social workers will be allowed to visit an inmate for legal purposes and will not be required to have a court order.  The request shall be in writing from an attorney and include the attorney's credentials, as indicated in section 2.a. above.

c.   The attorney and legal assistant(s) will be provided a copy of ADOC Form 303-E, *Attorney/Legal Visit Orientation Form,* prior to an attorney visit.  The attorney and/or legal assistant(s) scheduled to visit an inmate will return the signed ADOC Form 303-E, *Attorney/Legal Visit Orientation Form* to the Warden or his/her designee. Visits will not be scheduled prior to this form being approved by the Warden/Designee.

d.   Any question pertaining to the validity of the visit shall be referred to ADOC Legal and their instructions followed.

e.   Prior to the visit, the attorney may request, with approval of the Warden/Designee, to provide legal documents to an inmate.  Documents brought into the facility by attorneys and/or legal assistants shall be searched in the presence of the attorney and/or legal assistant.

f.   An attorney may request to bring to a visit electronic equipment, e.g., a laptop, tape recorder, camera, or other materials needed to complete a psychological evaluation.

   (1)   The request will be honored only in very limited, special circumstances, with the advanced approval of the Warden/Designee and the ADOC General Counsel.

   (2)   The request must be in writing to the Warden/Designee with a copy sent to the ADOC General Counsel.

g.   Attorneys and Legal Assistants shall go through routine search procedures in accordance with AR 336, *Searches,* when entering the facility.

h.   Unless specifically approved by the Warden/Designee, all meetings between attorneys and an inmate shall be one-on-one.  The Warden/Designee shall make every reasonable effort to provide a room where an attorney can meet confidentially with an inmate.  A meeting place shall be provided in which others cannot reasonably overhear the discussion between an inmate and attorney.

AR 303 – October 8, 2024

i.    Attorney visits may be scheduled with death row inmates simultaneously with up to three (3) different inmates/attorneys being placed in the visitation area at the same time.  In extreme circumstances, an additional inmate visit may be set up in the visiting yard at the discretion of the Warden.

j.    Restraints for an inmate may be utilized at the discretion of the Warden/Designee.

3.    Clergy/Pastoral Visits:

    a.    A member of the clergy, who was an inmate's pastor in civilian life, may visit an inmate if an inmate has submitted an Inmate Request Slip to the Facility Chaplain and has been approved by the Warden/Designee.

        (1)    An inmate's request shall be submitted in writing at least fourteen (14) days prior to the requested visit date.

        (2)    An inmate is limited to a Clergy/Pastoral visit once every six (6) months.

        (3)    The Clergy/Pastoral visit shall not exceed one (1) hour.

    b.    Visiting clergy shall be responsible for complying with the guidelines set forth in this regulation.

4.    Special Visits:

    a.    An inmate shall submit an Inmate Request Slip for a special visit to be approved or disapproved by the Warden/Designee.

    b.    The request should be limited to an immediate family member.

    c.    An inmate may be eligible to receive one (1) special visit every six (6) months.

    d.    A special visit may be for an immediate family member who is not on the active visitation list but lives in excess of five hundred (500) miles away.

5.    Outside Hospital Visits:

    a.    An inmate confined to an outside hospital may only be allowed a visit if the attending physician states that an inmate is in a terminal/life threatening situation and the Warden/Designee approves the visit.

b.  The visitor must be on the inmate's active visitor list or otherwise approved by the Warden/Designee.

c.  All visitors must be approved by the Warden/Designee. The Warden/Designee shall notify in writing the hospital and contract security staff.

d.  Approved visitors must present picture identification to visit an inmate.

e.  Approved visitors shall be required to follow established ADOC and hospital rules and procedures.

f.  Approved visitors shall not be allowed to bring any item to the inmate visit.

g.  The ADOC Correctional Officer(s)/contract security staff shall contact the facility Shift Commander or Designee upon the visitor(s) arrival and departure. The visitor(s) name, arrival time and departure time shall be entered into the shift log and forwarded to the Visitation Officer/Designee for entry into the Visitation Module.

6.  Facility Health Care Unit:

a.  An inmate in the facility health care unit, with input from the health care provider, may be allowed visitor(s) from the inmate's active visitor list.

b.  The Warden/Designee shall approve the date and time for the visit.

D.  General Visitation Procedures:

1.  Each visitor shall be identified by his/her state or government issued photo identification. The Visitation Officer/Designee will require all visitors to sign in and out on ADOC Form 303-C, *Visitor Unclothed Search Authorization,* and will log the date and time of the visit. The register shall be dated and signed by the Visitation Officer/Designee.

2.  Visitors may be required to walk through a metal detector/ body scanner, be screened with a hand-held detector, and/or be pat searched.

3.  Inmates and visitors shall be searched prior to entering the visitation area to prevent contraband from entering the facility in accordance with AR 336, *Searches,* and contraband will be handled in accordance with AR 306, *Disposal of Contraband.*

a.  In accordance with AR 336, *Searches*, no cross-gender searches will be conducted.

    b.   Minor children shall be searched in the presence of their parent or legal guardian.

4.   If there is reasonable suspicion that the visitor is carrying contraband, an unclothed search may be undertaken in accordance with AR 336, *Searches*. The unclothed search shall be authorized by the Warden/Designee. An ADOC Form 303-D, *Visitor Unclothed Search Authorization,* shall be completed prior to the search.

    a.   If a visitor refuses to be searched, he/she shall be denied entry into the facility. The visitor may be barred.

    b.   If contraband is found in the possession of a visitor, the contraband shall be confiscated and handled in accordance with AR 306, *Disposal of Contraband*. The visitor may be detained for questioning by the Warden/Designee or LESD Investigator.

    c.   The on-call LESD Investigator shall be notified.

    d.   ADOC Form 302-C, *Duty Officer Report,* and ADOC Form 302-A, *Incident Report,* shall be completed.

5.   If a visitor appears to be under the influence of an intoxicant, he/she shall be denied entry to the facility.

6.   If a visitor refuses to comply with visitation rules and procedures, he/she shall be removed from the visiting area or facility.

7.   Each adult visitor may be allowed to bring no more than $30.00 in change for the vending machine(s).

8.   An inmate shall be pat searched prior to entering the visitation area.

9.   An inmate is not permitted to carry any item from the visitation area.

10.   An unclothed search of the inmate shall be conducted prior to exiting the visitation area.

11.   An inmate housed in administrative status in Restrictive Housing Unit (RHU) may be allowed visits in accordance with AR 433, *Administrative Segregation.*

12.   An inmate housed in the RHU in disciplinary status, shall not be allowed visits, except with an attorney, in accordance with AR 434, *Disciplinary Segregation*.

E.    Denial, Termination, Suspension and Barred:

    1.    Denial:

        a.    A visitor may be denied with the approval of the Shift Commander, because of the visitor violating a facility or visitation rule.

        b.    Security personnel shall record the denial in the Visitation Module.

        c.    Security personnel shall initiate an incident report in accordance with AR 302, *Incident Reporting*.

        d.    The Warden/Designee shall review the incident to determine if further action is required, including a consideration of whether the visitor should be suspended or barred from visitation.

    2.    Termination:

        a.    A visit may be terminated, with approval of the Warden/Designee, because of facility or visitation rule violation(s) by an inmate or visitor.

        b.    Security personnel shall initiate an incident report in accordance with AR 302, *Incident Reporting*.

        c.    The Warden shall review the incident to determine if further action is required, including a consideration of whether the visitor should be suspended or barred from visitation.

    3.    Suspension:

        a.    The Warden/Designee may suspend visitation privileges after review of ADOC Form 302-A, *Incident Report,* for a period of up to six (6) months for violating facility or visitation rules.

        b.    The Warden/Designee, shall record the period of suspension in the Visitation Module.

        c.    The Warden/Designee shall provide a written notice to the inmate, visitor, and visitation staff of suspended visitation privileges.

        d.    The suspended visitor may apply in writing to the Warden/Designee for reinstatement after the suspension period has ended.

4.    Barred:

    a.    A visitor may be barred for a period of more than six (6) months to an indefinite length of time for serious and/or repeated infraction(s) such as, but not be limited to:

        (1)    Assaultive/disruptive behavior.

        (2)    Illegal drugs or possession of unauthorized drugs.

        (3)    Possession of firearms/weapons on state property.

        (4)    Repeated violations of facility or visitation rules.

    b.    The Warden/Designee will review the ADOC Form 302-A, *Incident Report,* and submit his/her recommendation for permanent barring to the Associate/Deputy Commissioner of Men's or Women's Services, utilizing the Visitation Module.

    c.    The Associate/Deputy Commissioner of Men's or Women's Services shall approve or disapprove the Warden's/Designee recommendation for barring a visitor, utilizing the Visitation Module.

    d.    The Warden/Designee shall provide a written notice to the visitor that they have been barred from entering all ADOC facilities.  A copy shall be scanned into the inmate database and a copy shall be provided to the inmate.

F.    Official Visitors:

1.    These visits shall be approved and coordinated by the Warden/Designee, through the Public Information Manager, Regional Director, and Associate/Deputy Commissioner of Men's or Women's Services.

2.    In the event of an unannounced or unscheduled visit by an official visitor, the Public Information Manager, Regional Director, and Associate/Deputy Commissioner of Men's or Women's Services shall be notified immediately.

## VI.    <u>DISPOSITION</u>

Any forms used will be disposed of and retained according to the Departmental Records Disposition Authority (RDA).

VII.   **ANNEXES AND FORMS**

    A.    Annex A to AR 303, *Orientation Guidelines for Visitors and Inmates*.

    B.    ADOC Form 303-A, *Inmate Visitation Form.*

    C.    ADOC Form 303-B, *Request for Minor Children to Visit.*

    D.    ADOC Form 303-C, *Visitor Unclothed Search Authorization*.

    E.    ADOC Form 303-D, *Attorney/Legal Visit Orientation Form.*

    F.    ADOC Form 303-E, *Inmate Immediate Family Members*.

VIII.   **SUPERSEDES**

This regulation supersedes AR 303, *Visitation*, dated December 14, 2023, and any changes.

IX.   **PERFORMANCE**

    A.    Code of Alabama 1975 § 14-1-1.1 *et seq*.

_____
John Q. Hamm
Commissioner

**Alabama Department of Corrections**

**ORIENTATION GUIDELINES FOR VISITORS AND INMATES**

### A.  General Rules for Visitation:

1. Adult visitor must have valid photo identification and be listed on the approved inmate's visitation list or have a special visit approved by the Warden/Designee.
2. Visitor(s) and all item(s) will be searched.
3. Visitor(s) are required to return all unapproved item(s) to their vehicles.  Staff shall not be responsible for any unapproved items.
4. Visitor(s) providing false name(s) or introducing or attempting to introduce contraband may be committing a criminal offense and face possible felony prosecution.
5. Visiting schedule is subject to change without prior notice due to security reasons.
6. If visitor(s) or inmate(s) fail to abide by the established visitation rules their visit will be terminated.
7. Each adult visitor may enter the visitation check-in area with no more than $30.00, identification card and car keys in a clear plastic bag.  Visitors may also have the option of purchasing a $30.00 debit card.
8. An inmate's children and/or grandchildren will be allowed to visit with a birth certificate establishing an inmate's paternity or maternity.  Minor children must also have a completed ADOC Form 303-B, *Request for Minor Children to Visit*.
9. Visitor(s) are expected to wear undergarments.
10. Parent(s)/legal guardian(s) with babies will be allowed no more than four (4) disposable diapers and one (1) will be changed during searches.  One (1) small baby blanket and two (2) plastic baby bottles will be allowed on the visiting area.
11. Visitors' dresses, skirts, and pants shall not be shorter than three (3) inches above the knee. Splits/Slits must not be shorter than three (3) inches above the knee.
12. All blouses and shirts must cover the waist and chest area.
13. Adults sitting on laps or other type of behavior which is deemed offensive or considered inappropriate or illicit is prohibited.
14. A brief hug and kiss between an inmate and his or her visitor at the time of entry and at the time of departure will be permitted. Visitors may hold hands if kept in plain sight on the table while visiting.
15. Visitor(s) shall not be allowed to leave any item(s) for an inmate.
16. Visitor(s) are permitted to wear religious headwear into the visiting area with advanced written approval from the Warden/Designee.  This headwear is subject to search.  It may be necessary for ADOC staff to search this item at any time during the visiting process.
17. Visitor(s) are permitted to bring medically necessary equipment to the visiting area with advanced written approval from the Warden/Designee. This equipment is subject to search. It may be necessary for ADOC staff to search this item at any time during the visiting process.

### B.  Prohibited Items:

1. Sunglasses, except prescribed by a doctor.
2. Electronic equipment to include, but not be limited to cell phones, video games, radios, MP3 players, laptops, etc.
3. Jewelry, except wedding set/band and simple stud earrings.
4. Medication and medical equipment except prescribed by a doctor and with prior approval of the Warden.
5. Tobacco products, matches, or lighters.
6. Firearms/weapons.
7. Purses, briefcases, or duffel bags.
8. Hats, caps, scarves, or headbands.
9. Tan or any clothing that appears tan.
10. Scrub type garments.
11. Sundresses or sleeveless shirts.
12. Shorts, stretch pants, or tight-fitting trousers with elastic type fabrics.  All trousers must be at least ankle-length.
13. House shoes/slippers, shower shoes, and beach shoes.
14. Tight fitting, sheer, and see-through clothes.

Annex A to AR 303
12-2023

AR 303 – October 8, 2024



Alabama Department of Corrections
## INMATE VISITATION FORM

**READ THE FOLLOWING RULES CAREFULLY:**

An inmate may list eight (8) adult and/or four (4) minor children for visitation.  Any minor children listed on the inmate's visitation list must be related to the inmate by birth or adoption. If the inmate's spouse is under the age of nineteen (19), he or she must present proof of marriage to the inmate.

A.   All adult visitors must be at least nineteen (19) years of age to be listed on the inmate's visitation list included on this form (ADOC Form 303-A, *Inmate Visitation Form*), unless they are legally married to an inmate and have proof of such probated marriage.

B.   Ex-felons, parolees, and probationers are prohibited from visitation within two (2) years from the date of their release from incarceration. After two (2) years from the date of their release, they may be considered for approval of visitation in the following cases:

(1)   Any ex-felon visitor must be from the inmate's immediate family.

(2)   Parolees and probationers must have prior written approval from their Parole/Probation Officer to the Warden/Designee to visit the inmate.

C.   Any person in a Community Corrections Program (CCP) or Supervised Reentry Program (SRP) will not be approved to be on the inmate's visitation list.

D.   An individual who is a victim of an inmate will not be approved to visit.

E.   For any minor children to be approved for inmate visitation, ADOC Form 303-B, *Request* for *Minor Children to Visit*, shall be completed by the non-incarcerated parent or legal guardian. The ADOC Form 303-B, *Request for Minor Children to Visit*, shall be notarized and submitted with a birth certificate or legal document establishing an inmate's paternity or maternity to the Warden/Designee prior to the scheduled visit.

F.   An inmate may only request to change this form (ADOC Form 303-A, *Inmate Visitation Form*), once every six (6) months.  It is the responsibility of the inmate to notify visitors that they have been approved or not approved for visitation.

G.   The inmate must submit this completed form to the facility Visitation Officer.

Alabama Department of Corrections

## INMATE VISITATION FORM

Inmate's Name: _____  AIS #: _____  Facility: _____

_____

| | Adult (Full Name) | Complete Address | Relationship | DOB | SS # and Driver's License # | Telephone # | Email |
|---|---|---|---|---|---|---|---|
| NO MORE THAN EIGHT (8) ADULTS CAN BE LISTED: | | | | | | | |
| 1. | | | | | | | |
| | | | | | | | |
| 2. | | | | | | | |
| | | | | | | | |
| 3. | | | | | | | |
| | | | | | | | |
| 4. | | | | | | | |
| | | | | | | | |
| 5. | | | | | | | |
| | | | | | | | |
| 6. | | | | | | | |
| | | | | | | | |
| 7. | | | | | | | |
| | | | | | | | |
| 8. | | | | | | | |
| | | | | | | | |

| | Minor Children (Full Name) | Complete Address | Relationship | DOB | Social Security # | Parent/Guardian | |
|---|---|---|---|---|---|---|---|
| NO MORE THAN FOUR (4) MINOR CHILDREN CAN BE LISTED | | | | | | | |
| 1. | | | | | | | |
| | | | | | | | |
| 2. | | | | | | | |
| | | | | | | | |
| 3. | | | | | | | |
| | | | | | | | |
| 4. | | | | | | | |
| | | | | | | | |

Warden's/Designee's Approval: _____    Date Approved: _____

ADOC Form 303-A
10-2024

Distribution:  Inmate Database, Visitation Module, Inmate
Page: 2 of 2

AR 303 – October 8, 2024

## Alabama Department of Corrections

**REQUEST FOR MINOR CHILDREN TO VISIT**

**(Submit the notarized form prior to scheduled visitation)**

I hereby certify that I, _____ (Name of parent or legal guardian), am the Parent or Legal Guardian for the child (children) under the age of nineteen (19) of the inmate _____ AIS# _____ .

(Inmate Name)

LISTED AS FOLLOWS:

| **Name of Child:** | **Relationship** | **DOB** |
|---|---|---|
| 1. _____ | _____ | _____ |
| 2. _____ | _____ | _____ |
| 3. _____ | _____ | _____ |
| 4. _____ | _____ | _____ |

As the Parent or Legal Guardian*, I hereby authorize: _____ / _____

(NAME)                                    (RELATIONSHIP TO MINOR CHILD)

to bring and supervise the minor children listed above during the scheduled visit. **I acknowledge that I am responsible for having this form notarized prior to the scheduled visit and shall attach proof of relationship verified by a birth certificate or legal document establishing paternity or maternity.** This document authorizing minor children to visit is active from the date of notarization until termination by the Parent or Legal Guardian via a notarized written request.

I acknowledge that as a condition of bringing these minor children into the institution for the scheduled visit, I will keep the minor children under supervision without disruption to the institution, staff, or other visitors. I understand that in the event that these children are not properly supervised, my visit may be terminated.

I hereby release the state of Alabama for any liability of injury.

_____
(Date)

_____                          _____
(Printed Name of Parent or Legal Guardian)                          (Signature of Parent or Legal Guardian)

_____
(Address of Parent or Legal Guardian)

_____
(Notary Signature)                          (Notary Seal)

_____
(Date)

**\* The Legal Guardian must be on the inmate's approved visitation list.**

**ADOC Form 303-B**
**12-2023**

**Distribution:  Inmate Database**

AR 303 – October 8, 2024



Alabama Department of Corrections

## VISITOR UNCLOTHED SEARCH AUTHORIZATION

I, _____(visitor's full name) have been requested to submit to an unclothed search prior to visiting inmate
_____(Inmate's name) AIS # _____ because of the following reason(s):
_____
_____

Visitor's initials below indicate that they have read and understand the following:

_____    1.    I have been informed that approval for the unclothed search is authorized under Administrative Regulation (AR) 303 *Visitation* and has been authorized by the Warden/Designee.

_____    2.    I have been informed that I do not have to allow or participate in this unclothed search and may leave prior to the search.

_____    3.    I have been informed that because of suspicion I shall not be allowed to enter the facility for visitation and that I am required to leave the grounds if I do not participate in the unclothed search.

_____    4.    I was informed that the correctional staff shall not conduct a body cavity search.

_____    5.    I have not been threatened, intimidated, or coerced in any way in reference to this request and/or participation in the unclothed search.

_____    6.    I have not been promised anything to obtain my authorization to participate in the unclothed search.

By my signature below I authorize and provide my full consent to the Alabama Department of Corrections and the staff of _____ (facility) to conduct an unclothed search. I make this authorization of my own free will and accord.

I further acknowledge, in the event I cannot read and/or write, this form has been read to me and I accept the terms and conditions as indicated by my signature or mark below.

_____        _____
(Visitor's Signature and Date)                                    (Security Supervisor's Signature and Date)

Distribution:  Inmate Database and Incident Report Module

**ADOC Form 303-C**
**12-2023**

AR 303 – October 8, 2024

Alabama Department of Corrections
## ATTORNEY/LEGAL VISIT ORIENTATION FORM

**A.    General Rules for Visitation:**

1.    Visitor(s) must have a photo identification card.
2.    Visitor(s) and all item(s) will be searched.
3.    Visitor(s) are required to return all unapproved personal item(s) to their vehicle.  Staff will not be responsible for any personal item(s).
4.    Visitor(s) providing false name(s) or introducing or attempting to introduce contraband may be committing a criminal offense and face possible felony prosecution.
5.    Visiting schedule is subject to change without prior notice due to security reasons.
6.    Visitor(s) may be asked to leave the institution if they, or an inmate they are visiting, fail to abide by the established visitation rules.
7.    All dresses, skirts, and pants shall not be shorter than three (3) inches above the knee.  Splits/Slits shall not be shorter than three (3) inches above the knee.
8.    All blouses and shirts must be long enough to cover the waist and chest area.
9.    Visitor(s) are expected to wear undergarments.
10.   Visitor(s) are permitted to bring in a no more than $30.00 in coins for soft drinks, coffee, and or snacks.
11.   Prior to the visit, the attorney may request, with approval of the Warden/Designee, to leave legal documents with an inmate.
12.   An inmate may refuse to meet with the attorney or legal assistant; an inmate cannot be forced to meet with an attorney or legal assistant.
13.   Visitor(s) may bring two (2) writing instruments and current legal documents to the visit.

**B.    Prohibited Items:**

1.    Sunglasses, except prescribed by a doctor. (Identify in Section C. Comments/Requests).
2.    Electronic equipment to include, but not be limited to, cell phones, video games, radios, MP3 players, laptops, etc. unless prior approval of the Warden/Designee and ADOC General Counsel.
3.    Jewelry, except wedding set/band and simple stud earrings.
4.    Medication, except prescribed by a doctor and unless prior approval of the Warden/Designee. (Identify in Section C. Comments/Requests).
5.    Tobacco products, matches or lighters.
6.    Firearms/weapons.
7.    Purses/back packs, briefcases (except attorneys), diaper bags, or duffel bags.
8.    Hats, caps, scarves, or headbands.
9.    Tan or any light-colored clothing that appears tan.

**C.    Comment(s)/Request(s):** _____
_____
_____

I have read and understand the above listed guidelines.  I will abide by these guidelines, or my visit may be denied or terminated.  You must submit a letter on your firm's letterhead identifying any member of the defense team requesting approval to visit.  The letter shall contain:

1.    That they have been retained in the scope of representation or potential representation of an inmate.
2.    The name and AIS# of an inmate to visit.
3.    The name(s) of the attorney or legal assistant(s) and the last four digits of their social security number (SSN).
4.    The attorney or legal assistant(s) current valid driver's license number and state of issuance; the bar identification number; and/or, the professional organization license number.
5.    The date and time of the proposed visit.
6.    Any other pertinent identification information.

_____                    _____
(Date)                                                                              (Attorney's Signature)

**ADOC Form 303-D**                                                     **Distribution: Inmate Database**
**12-2023**

AR 303 – October 8, 2024

Alabama Department of Corrections

## INMATE IMMEDIATE FAMILY MEMBERS

Inmate's Name: _____    AIS #: _____

Date Submitted to Inmate: _____    Date due to Classification: _____

You must list all immediate family members on this form and turn back into your Visitation Officer within thirty (30) days of intake.  Upon verification of your immediate family, you will not be able to add names.  To remove names, you will need to provide valid documentation to justify removal for example (divorce decree, death certificate).  Should you become married during incarceration, you may add your spouse (with marriage certificate) as immediate family, but no other relationships will be recognized as immediate family based on marriage during incarceration (i.e. stepchildren, in-laws).

**Immediate Family:**  For the purpose of this regulation, this includes mother, father, stepparents, foster parents, husband, wife, children, stepchildren, grandchildren, brother, sister, grandmother, grandfather, half-siblings, son-in-law, daughter-in-law, mother-in-law, and father-in-law.

| First Name, Last Name | | First Name, Last Name | |
|---|---|---|---|
| Spouse: | _____ | | |
| Father: | _____ | Mother: | _____ |
| Stepfather: | _____ | Stepmother: | _____ |
| Foster-Father: | _____ | Foster-Mother: | _____ |
| Father's Parents: | _____ | Mother's Parents: | _____ |
| Grandfather: | _____ | Grandfather: | _____ |
| Grandmother: | _____ | Grandmother: | _____ |
| Children: | _____ | Stepchildren: | _____ |
| | _____ | | _____ |
| | _____ | | _____ |
| | _____ | | _____ |
| Siblings: | _____ | Half-Siblings: | _____ |
| | _____ | | _____ |
| | _____ | | _____ |
| Father-In-Law: | _____ | Mother-In-Law: | _____ |
| Son-In-Law | _____ | Daughter-In-Law: | _____ |

Visitation Officer: _____    Date Entered: _____

**ADOC Form 303-E**
**12-2023**

AR 303 – October 8, 2024